UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JOHN S. ELLIOTT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 1:10-cv-00791-DML-RLY |
| | ) |
| MICHAEL J. ASTRUE, Commissioner | ) |
| of the Social Security Administration | ) |
| | ) |
| Defendant. | ) |

## Entry on Motion for Attorneys' Fees

This matter is before the court on the motion (Dkt.34) by plaintiff John S. Elliott for an award of attorneys' fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. §2412(d), following the court's entry of final judgment remanding this case to the Commissioner of the Social Security Administration ("Commissioner") for further proceedings.  Mr. Elliott seeks an award of $6,311.25.

Section 204(d) of the EAJA, 28 U.S.C. §2412(d), requires in a suit by or against the federal government that the court award to a prevailing party (other than the United States) his attorneys' fees and expenses, unless the court finds that the United States' position was substantially justified or special circumstances make an award not just.  Financial means tests also affect eligibility for a fee award, §2412(d)(2)(B), but those tests rarely come into play for a person seeking disability benefits under the Social Security Act.  The party's motion to recover his fees must be timely and supported by an itemized statement from the party's attorney "stating the actual time expended and the rate at which fees and other expenses were computed."  28 U.S.C. §2412(d)(1)(B).  The amount of attorneys' fees must be reasonable and "shall be based upon prevailing market rates for the kind and quality of the services furnished," subject to a cap

rate of $125 per hour plus an increase based on the cost of living if a fee higher than $125 is justified.  28 U.S.C. §2412(d)(2)(A).

The Commissioner opposes Mr. Elliott's fee request solely on the ground that the fees requested are not reasonable in amount.  The Commissioner seeks a reduction of 16 hours, to 21.125 hours, but does not contest the hourly rate of $170 requested by Mr. Elliott.  The Commissioner therefore urges that the total award should be no more than $3,591.25.

According to counsel's affidavit, he spent a total of 12.5 hours conducting research, reviewing the record, and preparing his opening brief challenging the Commissioner's decision denying benefits and 17.0 hours conducting research, reviewing the record, and preparing the reply brief.  The Commissioner thinks this time is excessive and should be reduced by 15 hours.  He seeks an additional reduction of one hour for tasks the Commissioner describes as clerical, but the court does not view the review of court orders or the preparation of motions for time extensions as "clerical" or otherwise noncompensable attorney time.  The court will thus focus on the requested 15-hour deduction connected with briefing.

Here, the court agrees that a reduction is appropriate.  In a prior decision, the court demonstrated that Mr. Mulvany's fee statements assign a number of hours to specific tasks based apparently on a rough estimate Mr. Mulvany believes the task is "worth," rather than based on actual time spent on the matter.  *See Williams v. Astrue,* 1:09-cv-1577, Dkt. 38.  The court is not persuaded now, any more than it was before, that the fee statement accurately itemizes the actual time spent by Mr. Mulvany.  Nor is the court persuaded by counsel's explanation why 17 hours is a reasonable amount of time to assign the reply brief, as compared to 12.5 hours on the opening brief.  The court re-read those briefs, and is familiar with the contents of briefs that Mr. Mulvany has filed for other clients in other disability matters.  There is very little in the reply

brief that is different from nearly verbatim discussion from the opening brief or a nearly verbatim discussion from many other reply briefs.  For the reply brief, counsel stressed the contents of the same strings of medical records as were discussed in the opening brief without much change in the discussion.  Comparing the opening and reply briefs and aware of the portions of both briefs that are boilerplate discussion by Mr. Mulvany in nearly all briefs he files, the court doubts that 12.5 hours and 17 hours are good-faith estimates of the time spent on these briefs, or that a contemporaneous record was kept of the actual time spent on them.  Even if a total of 29.5 hours was spent on these briefs, the amount is excessive given their contents and quality.

The court accepts the Commissioner's request to reduce the briefing hours by 15 hours.  Without additional argument from the Commissioner, the court will not reduce the hours further.  The court will award fees for 22.125 hours at $170 per hour, for a total of $3,761.25.

The Commissioner also requests that the court provide him an opportunity to determine whether Mr. Elliott has pre-existing debt to the government before paying any award to his counsel, consistent with the Supreme Court's discussion in *Astrue v. Ratliff,* 130 S.Ct. 2521 (2010).  Mr. Elliott protests that the government should have investigated and stated in its opposition to the fee request whether the government believes Mr. Elliott has a pre-existing debt subject to offset.  The Commissioner explains, however, that a debt is pre-existing if it exists at the time fees are awarded.  The court agrees it is appropriate to permit the Commissioner reasonable time after an award to determine whether Mr. Elliott owes a debt to the government it may offset against the award.

**Conclusion**

For the foregoing reasons, Mr. Elliott's motion for an award of attorneys' fees (Dkt. 34) under the EAJA is GRANTED. The court awards to Mr. Elliott attorneys' fees under 28 U.S.C. §2412(d) in the amount of $3,761.25. The Commissioner promptly, and within 30 days of the entry of this order, must determine whether the United States is entitled to and will exercise a right of offset (and if so, the amount of the offset) against the award because of a pre-existing debt Mr. Elliott owes to the government. The amount of the fee award remaining after offset, if any, shall be paid and delivered to Mr. Elliott's counsel consistent with the assignment in the record.

So ORDERED.

Date: 04/12/2012

*Debra McVicker Lynch*
Debra McVicker Lynch
United States Magistrate Judge
Southern District of Indiana

Distribution:

Thomas E. Kieper
UNITED STATES ATTORNEY'S OFFICE
tom.kieper@usdoj.gov

Patrick H. Mulvany
patrick@mulvanylaw.com